## Dion v. Ford Motor Company

*Melvin Dion,* for plaintiff.
*Robert R. Reeder,* for defendant.

HIRSH, J., July 3, 1973.—Plaintiff began this action in assumpsit on May 10, 1972, to recover damages for the total destruction by fire of his Lincoln Continental automobile. On September 21, 1972, plaintiff filed a certificate of readiness which caused the case to be listed for arbitration. Thereafter, an arbitration panel held a full hearing on February 22, 1973, and filed an unanimous award in favor of plaintiff and against defendant in the amount of $7,086.55 on February 23, 1973. On March 1, 1973, the award was entered on the official docket of this court. Defendant's counsel, however, claims that he had no notice of the award and, consequently, should be permitted to file defendant's appeal nunc pro tunc, or, in the alternative, this court should strike the award and order it refiled with notice to all counsel. As authority for such action, defendant points to Klugman v. Gimbel Brothers, Inc., 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962). Although this court agrees with defendant that the Klugman decision sets forth the governing standard, this court cannot agree with defendant's application of that standard.

An appeal from an award of arbitrators must be filed within 20 days after the entry of the award on the docket: Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71. Ordinarily, this court cannot extend that 20-day statutory period. However, defendant is urging this court to act under these circumstances because defendant's counsel allegedly did not have notice of the entry of the award on the docket until after the 20-day appeal period had run. Under Klugman v. Gimbel Brothers, Inc., supra, leave to file an appeal nunc pro tunc beyond the statutory period can be granted if fraud or its equivalent prevented defendant from timely appealing the arbitration award. See also Repp v. Kremer, 31 Lehigh 410 (1965). Therefore, in order for this court to grant defendant's request, it is first necessary for this court to determine if fraud or its equivalent exists.

In plaintiff's answer to defendant's petition for leave to appeal nunc pro tunc, plaintiff submitted as evidence a two-page affidavit of the arbitration chairman in which the chairman, William Miller, Esq., swears that "on the 22nd day of February, 1973, I personally mailed copies of the said award to Robert R. Reeder, Esquire, counsel for the defendant, and to Melvin Dion, Esquire, counsel for the plaintiff." On the other hand, defendant's counsel alleges that he never received such a notice, but does not allege that the notice was not sent. Therefore, this court is left with the conclusion that the notice was lost in transit, since it is unrefuted that the notice was mailed as attested by the arbitration chairman, and it is further unrefuted that the notice was never delivered as attested by the defense counsel. But where is the fraud? Surely, no fraud or its equivalent arises from the loss of a notice during transit. There was no showing of any active or passive deception or misrepresentation, no breach

of a trust or confidence, no undue or unconscionable advantage over another, no willful or intentional dishonest act, or any other fraudulent conduct. Therefore, since fraud is a necessary element in this case and since defendant has shown no such fraud, this court is compelled to deny defendant's petition for leave to file its appeal nunc pro tunc.

Accordingly, it is therefore ordered that defendant's petition to allow appeal nunc pro tunc and/or to strike award of arbitrators is denied.